IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DUNG TRINH,                                                CV 08-203-MA

        Petitioner,                              OPINION AND ORDER

  v.

J.E. THOMAS,
Warden, FCI-Sheridan,

        Respondent.


        DUNG TRINH
        Federal Register Number 64030-065
        Federal Correctional Institution
        PO Box 5000
        Sheridan, OR  97378-5000

            Petitioner, *Pro Se*

        KARIN J. IMMERGUT
        United States Attorney
        SUZANNE BRATIS
        Assistant United States Attorney
        United States Attorney's Office
        District of Oregon
        1000 SW Third Avenue, Suite 600
        Portland, OR  97204-2902

            Attorneys for Respondent

MARSH, Judge:

1- OPINION AND ORDER

Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) in Sheridan, Oregon, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

On April 21, 2000 the Honorable James A. Redden of this district sentenced Petitioner to six months imprisonment, five years supervised release, and $64,617.99 in restitution, after Petitioner pleaded guilty to one count of Bank Fraud in violation of 18 U.S.C. § 1344(1).  Following Petitioner's release from prison he committed the new crime of Kidnaping, in violation of 18 U.S.C. § 1201, to which he pleaded guilty in the United States District Court for the Northern District of Georgia, Atlanta Division.  On June 30, 2006, the Honorable Clarence Cooper of that court sentenced Petitioner to 168 months for the Kidnaping conviction, in addition to 5 years supervised release. Petitioner is currently confined to FCI Sheridan pursuant to Judge Cooper's sentencing order.

On February 19, 2008, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (#2), and a Motion for Appointment of Counsel (#3).  According to Petitioner, when he arrived at FCI Sheridan the BOP began unlawfully withdrawing monthly payments of $105 from his prison bank account, pursuant to the Inmate Financial Responsibility Program (IFRP).  *See* 28

2- OPINION AND ORDER

C.F.R. § 545.10, *et seq*.  Petitioner requests this Court issue a Writ of Habeas Corpus commanding Respondent to cease collecting any restitution payments from him on the basis that the BOP does not have authority to require him to pay his outstanding restitution debt because Judge Redden, who imposed the restitution sentence, did not fix a payment schedule for any period of imprisonment, and Judge Cooper did not address restitution.

On March 14, 2008 Respondent filed a Response (#6), asserting that the BOP does have authority to collect restitution payments from Petitioner because Judge Redden's sentencing order says the full amount of restitution is due "in full immediately." Moreover, according to Respondent, "Even if Judge Redden's sentence runs afoul of the holding in *Gunning*, (by not mandating a manner and schedule of payments) the validity of the IFRP program and the Bureau of Prisons' authority to manage the program is not rendered unconstitutional as a result of the [*U.S. v. Gunning*, 401 F. 3d 1145, 1150 (9th Cir. 2005)(*Gunning II*)] decision."  In any event, Respondent contends that Petitioner was voluntarily making restitution payments before being designated "temporary exempt" pending resolution of this case, so no laws were violated.

On July 21, 2008 I directed the parties to respond to the question whether the BOP has authority to sanction a prisoner,

3- OPINION AND ORDER

currently serving a judgment of conviction that does not impose restitution, for failing to make payments on an outstanding restitution sentence that did not set a schedule for payment of restitution during imprisonment. (#8). On August 4, 2008, Respondent stated that he believed this question was directly at issue in *West v. Thomas*, 2008 WL 2704460 (D. Or.), and that my holding in that case would direct me to find here that Petitioner is not required by law to make restitution payments and therefore the BOP does not have authority to sanction him for failing to make payments. (#9). Petitioner did not respond to my scheduling order. Since I find the question presented by this case was not directly at issue in *West*, on August 14, 2008 I rephrased the question I wanted the parties to respond to, as follows: Does the BOP violate *U.S. v. Gunning* (*Gunning II*), 401 F. 3d 1145 (9th Cir. 2005), if it sets a schedule for payment of an outstanding restitution debt when a prisoner is reimprisoned pursuant to a sentencing order that does not impose restitution? (#10). On August 21, 2008, Respondent stated that he believes the "Court should look to the judgment order that created the restitution obligation subject to collection to determine whether the order complied with the requirements of *Gunning II*. (#11).

## DISCUSSION

4- OPINION AND ORDER

First, as in *West v. Thomas*, 2008 WL 2704460 (D. Or. July 2, 2008), I credit as true this Petitioner's testimony that he does not wish to make payments toward his restitution sentence voluntarily.

Second, I find that Petitioner is legally obligated to make payments toward his outstanding restitution debt, imposed by Judge Redden's sentencing order, and therefore that the BOP could lawfully sanction petitioner for refusing to comply with his financial plan under the IFRP. *See* 28 U.S.C. § 545.11. Although Judge Redden's sentencing order did not set a schedule for payment of the restitution during imprisonment, I find that because Petitioner is not currently imprisoned pursuant to that sentencing order that imposes restitution, the BOP may set its own schedule without violating the prohibition in *Gunning II*.

The Ninth Circuit in *Gunning II* was concerned with the BOP usurping the sentencing court's duty to set a restitution payment schedule, under the Mandatory Victim's Restitution Act (MVRA). 18 U.S.C. § 3664(f)(2). The provision of the MVRA that *Gunning II* rests upon, requiring the sentencing court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid" asks the court to take into account "any financial obligations of the defendant" in addition to his financial resources and projected earnings. *Id*. But when a sentencing order does not impose restitution, the MVRA

5- OPINION AND ORDER

does not apply, so the sentencing court is not obligated to take into account a defendant's financial obligations, such as an unsatisfied restitution debt from a prior sentence.

In this unique case, the BOP must consider this outstanding restitution debt one of a prisoner's legitimate financial obligations and must take it into account in developing a financial plan for the inmate pursuant to the IFRP.  Any other interpretation would conflict with Congress' intent in creating the MVRA, to require criminals to make restitution to their victims.  18 U.S.C. § 3663A(a)(1).

Judge Redden properly executed his duty under the MVRA, taking into account Petitioner's "projected earnings and other income," when he set a restitution payment schedule of at least $50 per month, beginning "at the time of defendant's release from custody."  Yet, the projection of Petitioner's earnings at that time assumed he would abide by the law and remain out of prison after his release from the term of imprisonment imposed by Judge Redden.  Judge Redden deferred restitution payments until Petitioner's release based on a short, six-month sentence of imprisonment, not the 168 month sentence Petitioner is now serving.  Thus, it is not appropriate to look to Judge Redden's sentencing order to determine whether Petitioner is legally obligated to make restitution payments now, when the term of imprisonment Judge Redden considered in setting the restitution

6- OPINION AND ORDER

payment schedule has long since expired.  Moreover, since the MVRA did not apply when Judge Cooper sentenced Petitioner, because Judge Cooper did not impose restitution, it is not appropriate to look to Judge Cooper's sentencing order to determine if Petitioner is legally obligated to make restitution payments during his present period of imprisonment.

In the absence of any guidance on this issue, I find the only equitable way to view an unsatisfied restitution debt not connected to a prisoner's current imprisonment is to consider it a legitimate financial obligation, not unlike a child support obligation or any civil court money judgment.  As such, the BOP could properly take Petitioner's outstanding restitution debt into account in developing his financial plan pursuant to the IFRP, and could properly order him to make monthly payments on this obligation according to that plan.

## **CONCLUSION**

Based on the foregoing, Petitioner's habeas corpus petition (#2) is DENIED, all other outstanding motions are DENIED AS MOOT, and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 29_ day of August, 2008.

                                         /s/   Malcolm F. Marsh
                                          Malcolm F. Marsh
                                          United States District Judge